Model Plan  
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer  
☐ Stearns  ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | Case No. |
| ) | |
| **Romana Roslowski** ) | |
| **Ryszard Roslowski** ) | |
| ) | |
| Debtors. ) | Original Chapter 13 Plan, dated September 23, 2014 |

■    A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2**; (b) their ages are ___; (c) total household monthly income is $ **3,100.00**; and (d) total monthly household expenses are $ **2,860.00**, leaving $ **240.00** available monthly for plan payments.

2. The debtor's Schedule J includes $ **20.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___ months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. */or/*
■ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Seterus, Inc__ , monthly payment, $ __1,467.00__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __240.00__ monthly for __36__ months [and $ __ monthly for an additional __ months], for total payments, during the initial plan term, of $ __8,640.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **6.00**% of plan payments; and during the initial plan term, totaling $ __518.40__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

**-NONE-**

2

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $__2,500.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __258.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:___-NONE-___ shall be paid at ___N/A___% of the allowed amount. The total of all payments to this special class is estimated to be $___N/A___. [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____.

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __5__% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**3**

| | | | | |
|---|---|---|---|---|
| **Section F.** *Priority* | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. | | | |
| **Section G.** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. | | | |
| **Section H.** *Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | | $ 8,640.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | | |
| |    (a) Trustee's fees | | $ 518.40 | |
| |    (b) Current mortgage payments | | $ 0.00 | |
| |    (c) Payments of other allowed secured claims | | $ 0.00 | |
| |    (d) Priority payments to debtor's attorney | | $ 2,500.00 | |
| |    (e) Payments of mortgage arrears | | $ 0.00 | |
| |    (f) Payments of non-attorney priority claims | | $ 258.00 | |
| |    (g) Payments of specially classified unsecured claims | | $ 0.00 | |
| |    (h) Total *[add Lines 2a through 2g]* | | | $ 3,276.40 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | | $ 5,363.60 |
| | (4) Estimated payments required after initial plan term: | | | |
| |    (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | | $ 210,574.00 | |
| |    (b) Minimum GUC payment percentage | | 5 % | |
| |    (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | | $ 10,528.70 | |
| |    (d) Estimated interest payments on unsecured claims | | $ 0.00 | |
| |    (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | | $ 10,528.70 | |
| |    (f) Payments available during initial term *[enter Line 3]* | | $ 5,363.60 | |
| |    (g) Additional payments required *[subtract Line 4f from Line 4e]* | | | $ 5,165.10 |
| | (5) Additional payments available: | | | |
| |    (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | | $ 225.60 | |
| |    (b) Months in maximum plan term after initial term | | 24 | |
| |    (c) Payments available *[multiply line 5a by line 5b]* | | | $ 5,414.40 |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

| | |
|---|---|
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

**Debtor's Attorney**    /s/ Nicholas C. Kefalos    **Date** September 23, 2014

*Attorney Information (name, address, telephone, etc.)*

> Nicholas C. Kefalos 6270051
> Vernor Moran, LLC
> 27 North Wacker Drive
> Suite 2000
> Chicago, IL 60606-2800
> (312) 264-4460
> Fax: (312) 264-4461

**Special Terms** *[as provided in Paragraph G]*

**Special Intentions:**
**BMO Harris Bank, NA:** Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.
(1) The lien of BMO Haris Bank, recorded as document #R2006-247421, on the real property commonly known as 730 Cypress Lane, Carol Stream, IL, PIN 01-25-314-006, is unsecured by any value and shall be treated as and paid as a general, unsecured claim pursuant to Section E(3.2) of the plan. Upon completion and discharge in this case, the lien shall be void and the creditor, or its successors or assigns, shall provide a release of the lien. The order confirming the Chapter 13, the Chapter 13 plan, and the bankruptcy discharge order taken together shall constitute a release of the lien and when recorded shall have that effect.

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                       Case No. 14-34499-DRC
Romana Roslowski                                                             Chapter 13
Ryszard Roslowski
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: cmcmullen          Page 1 of 2          Date Rcvd: Sep 24, 2014
                              Form ID: pdf001          Total Noticed: 48

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2014.
```
db/jdb         +Romana Roslowski,   Ryszard Roslowski,    730 Cypress Lane,   Carol Stream, IL 60188-9182
22434501        AMC Mortgage Services / Citi,   Attn: bankrupcy Dept,    PO Box 79022 MS 322,
                 Saint Louis, MO 63179
22434502       +America's Servicing Company,   PO Box 10328,   Des Moines, IA 50306-0328
22434503       +Arnold Scott Harris,   111 W Jackson Blvd,   Chicago, IL 60604-4135
22434506       +BMO Harris Bank Mortgage,   Bankruptcy Dept BRK-180-RC,    770 N Water St,
                 Milwaukee, WI 53202-0002
22434507       +BMO Harris Bank, NA,   111 W. Monroe St.,   Chicago, IL 60603-4095
22434504       +Bank of America,   CA6-919-02-41,   PO Box 5170,   Simi Valley, CA 93062-5170
22434505       +Bay Area Credit Service,   1000 Abernathy Road NE, Ste 195,    Atlanta, GA 30328-5612
22434512       +CBE Group,   1309 Technology Parkway,   Cedar Falls, IA 50613-6976
22434513       +CBE Group,   Illinois Corp. Service C,   801 Adlai Stevenson Drive,
                 Springfield, IL 62703-4261
22434516      ++CITIBANK,   PO BOX 790034,    ST LOUIS MO 63179-0034
               (address filed with court: Citi,    Attn: Centralized Bankruptcy,   PO Box 20363,
                 Kansas City, MO 64195)
22434508       +Capital One,   PO Box 30285,   Salt Lake City, UT 84130-0285
22434509       +Capital One / Best Buy,   PO Box 6497,   Sioux Falls, SD 57117-6497
22434510       +Capital One Bank, USA, NA,   4851 Cox Road,   Glen Allen, VA 23060-6293
22434514       +Chase,   PO Box 15298,   Wilmington, DE 19850-5298
22434515       +Chase Bank USA, NA,   201 N. Walnut St.,   Wilmington, DE 19801-2920
22434517       +Citibank, NA,   701 E. 60th St. North,   Sioux Falls, SD 57104-0493
22434519       +Credit First / CFNA,   6275 Eastland Road,   Brookpark, OH 44142-1399
22434522        DISH,   PO Box 94063,   Carol Stream, IL 60188-9182
22434520       +Discover Bank,   502 E. Market St.,   Greenwood, DE 19950-9700
22434524       +Enhanced Recovery Company, LLC,   c/o CT Corporation System,    208 S LaSalle Ste 814,
                 Chicago, IL 60604-1101
22434526       +Home Depot,   PO Box 6497,   Sioux Falls, SD 57117-6497
22434528        Illinois Dept of Revenue,   PO Box 64338,   Chicago, IL 60664-0338
22434529       +Illinois Tollway,   2700 Ogden Ave,   Downers Grove, IL 60515-1703
22434531        LVNV Funding, LLC,   925 Pilot Road, Suite 2,   801 Adlai Stevenson Drive,
                 Las Vegas, NV 89119
22434532       +Maria Baldini-Potermin,   1 N LaSalle St, Ste 2150,   Chicago, IL 60602-3920
22434534       +Midland Funding,   3111 Camino Del Rio N, #1300,   San Diego, CA 92108-5750
22434535       +Midland Funding, LLC,   Illinois Corp. Service C,   801 Adlai Stevenson Drive,
                 Springfield, IL 62703-4261
22434537       +NCO Financial Systems, Inc.,   c/o CT Corporation System,    208 S LaSalle Ste 814,
                 Chicago, IL 60604-1101
22434539      ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,   NORFOLK VA 23541-1067
               (address filed with court: Portfolio Recovery,    Attn: Bankruptcy,   PO Box 41067,
                 Norfolk, VA 23541)
22434540       +Portfolio Recovery (Agent),   Illinois Corp. Service C,    801 Adlai Stevenson Drive,
                 Springfield, IL 62703-4261
22434541       +Portfolio Recovery (Corp),   120 Corporate Blvd,   Norfolk, VA 23502-4962
22434542       +Self Reliance Ukranian,   2332 W Chicago Ave,   Chicago, IL 60622-6911
22434543       +Seterus, Inc,   8501 IBM Drive, Bldg 201,   Charlotte, NC 28262-4333
22434545       +Verizon Wireless,   500 Technology Drive, Suite 550,   Weldon Spring, MO 63304-2225
22434546        Wells Fargo,   7255 Baymeadows Way,   Des Moines, IA 50306
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
22434500       +E-mail/PDF: recoverybankruptcy@afninet.com Sep 25 2014 00:15:03     AFNI,   Attn: Bankruptcy,
                 PO Box 3097,   Bloomington, IL 61702-3097
22434518       +E-mail/Text: legalcollections@comed.com Sep 25 2014 00:17:46      COMMONWEALTH EDISON,
                 3 Linconl Center,   Attn: Bankruptcy Group-Claims Dept.,   Oakbrook Terrace, IL 60181-4204
22434511        E-mail/Text: bankruptcy@cavps.com Sep 25 2014 00:12:07     Cavalry SPV,
                 500 Summit Lake Drive #400,   Valhalla, NY 10595-1340
22437963       +E-mail/Text: bankruptcy@cavps.com Sep 25 2014 00:12:07     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
22434521        E-mail/PDF: mrdiscen@discoverfinancial.com Sep 25 2014 00:15:26     Discover Financial Services,
                 PO Box 15316,   Wilmington, DE 19850
22434523       +E-mail/Text: bknotice@erccollections.com Sep 25 2014 00:11:41     Enhanced Recovery,
                 8014 Bayberry Road,   Jacksonville, FL 32256-7412
22434525       +E-mail/Text: aschneider@gsacfinance.com Sep 25 2014 00:17:36
                 Greater Suburban Acceptance Corp.,   P Box 369,   Downers Grove, IL 60515-0369
22434530        E-mail/Text: cio.bncmail@irs.gov Sep 25 2014 00:10:47      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
22434533       +E-mail/Text: bankruptcydpt@mcmcg.com Sep 25 2014 00:11:29     Midland Credit Management,
                 8875 Aero Drive, Suite 200,   San Diego, CA 92123-2255
22434536       +E-mail/Text: bankruptcydepartment@ncogroup.com Sep 25 2014 00:11:52     NCO Financial Systems,
                 507 Prudential Road,   Horsham, PA 19044-2368
22434538       +E-mail/Text: clientservices@northwestcollectors.com Sep 25 2014 00:11:01     NW Collector,
                 3601 Algonquin Road, Ste 23,   Rolling Meadows, IL 60008-3126
```

```
District/off: 0752-1          User: cmcmullen            Page 2 of 2             Date Rcvd: Sep 24, 2014
                              Form ID: pdf001            Total Noticed: 48
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
22434544        +E-mail/Text: ebn@unique-mgmt.com Sep 25 2014 00:17:27      Unique National Collections,
                 119 E Maple St,   Jeffersonville, IN 47130-3439
                                                                                                  TOTAL: 12

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
22434527*      ++CITIBANK,   PO BOX 790034,   ST LOUIS MO 63179-0034
                 (address filed with court:  Home Depot / Citibank USA,   Attn: Bankruptcy,   PO Box 20507,
                  Kansas City, MO 64195)
                                                                                            TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2014                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 23, 2014 at the address(es) listed below:
              Nicholas C Kefalos    on behalf of Joint Debtor Ryszard  Roslowski nkefalos@vernormoran.com,
               G4641@notify.cincompass.com
              Nicholas C Kefalos    on behalf of Debtor Romana  Roslowski nkefalos@vernormoran.com,
               G4641@notify.cincompass.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                                   TOTAL: 3